38201-65536(RER)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**  Plaintiff,  vs.  **LAWRENCE NORTON, and AURORA LOAN SERVICES, LLC and GMAC MORTGAGE, LLC,**  Defendants. | No. _____  JUDGE _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, Nationwide Mutual Fire Insurance Company, by and through counsel, and for its Complaint for Declaratory Judgment against the Defendants would show the Court as follows:

1. Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide") is an Ohio corporation with its principal place of business located in Columbus, Ohio and duly qualified to do business in Tennessee.

2. Defendant Lawrence Norton ("Norton"), upon information and belief, is a resident citizen of Shelby County, Tennessee with his principal residence located at 408 Oakleigh Street, Collierville, Tennessee 38017 and may be served with process at that location.

3. Defendant Aurora Loan Services, LLC is a Delaware Limited Liability Company, with its principal place of business located at 10350 Park Meadows Drive,

38201-65536 (RER)

Littleton, Colorado 80124 and may be served with process through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

4. Defendant GMAC Mortgage, LLC is a Delaware Limited Liability Company with its principal place of business located at 1100 Virginia Drive, Fort Washington, Pennsylvania 19034 and may be served with process through their registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

5. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

6. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, and Local Rule of Court 77.1(c), because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Defendant Lawrence Norton resides.

7. Plaintiff Nationwide issued its Homeowner's Policy of Insurance, policy number HO 192603 (copy attached as **Exhibit A**), to Lawrence Norton on January 19, 2007. This policy was in full force and effect on or about April 23, 2007, and at all times pertinent to this action.

8. On April 23, 2007, a fire damaged Defendant Norton's home located at 408 Oakleigh Street, Collierville, Tennessee 38017.

9. Subsequently, Defendant Norton requested that a contractor, RiverCity Construction Company, Inc., perform the repairs to the home.

38201-65536 (RER)

10. RiverCity Construction began performing the repairs to Defendant's home, for which payment was issued by Nationwide.

11. Various payments for the repairs were issued by Nationwide in the name of Lawrence Norton, RiverCity Construction and Aurora Loan Services, the mortgagor on the property. Defendant GMAC Mortgage, LLC, upon information and belief, held a second mortgage on the property.

12. Upon information and belief, the checks issued by Nationwide, made payable to Lawrence Norton, RiverCity Construction and Aurora Loan Services, were forged and negotiated by RiverCity Construction through its owner and/or agent Kenneth Yeager.

13. Upon information and belief, the repairs to the home of Lawrence Norton have not been completed by RiverCity Construction.

14. Lawrence Norton has made claim under his homeowner's policy for the incomplete repairs of RiverCity Construction.

15. The policy of insurance states in pertinent part:

PROPERTY EXCLUSIONS
(Section I)
2. We do not cover loss to any property resulting directly or indirectly from the following if another excluded peril contributes to the loss:
    a) A fault, weakness, defect or inadequacy in the:
        (1) specifications, planning, zoning;
        (2) design, workmanship, construction, materials;
        (3) surveying, grading, backfilling;
        (4) development or maintenance;
    Of any property on or off the residence premises, whether intended or not.

    b) Acts or decisions of any person, group, organization or governmental body, whether intentional, negligent, wrongful or without fault. This includes the conduct or failure to act or decide by any of the aforementioned.

38201-65536 (RER)

PROPERTY CONDITIONS
(Section I)

1. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we will not be liable:
   a) to the insured for more than the insured's interest.
   b) for more than the limit of liability.

4. **Loss Settlement.** Covered losses will be settled, up to the applicable limit of liability, by us paying:
   b)   the cost to repair or replace without deduction for depreciation for buildings in Coverage A or B based on equivalent construction and use on the same premises except:
   (1) we will pay no more than the actual cash value of the damage until the repair or replacement is made when the cost to repair or replace the damage is more than $1,000 or more than 5 percent of the amount of insurance in this policy on the building, whichever is less.
   (2) when you claim loss or damage to buildings on an actual cash value basis. You may make claim within 180 days after the loss for any added loss based on the cost to repair or replace.
   (3) if you choose not to repair or replace, we will pay only the actual cash value of the damaged building, not to exceed the applicable limit of liability.

5. **Loss Payment.** We will pay all losses as outlined in the above Loss Settlement Condition 4. subject to the following:
   b)   At our option, we may repair or replace any part of the damaged property with equivalent property, providing we give you written notice within 30 days after receiving your signed, sworn proof of loss.
   c)   We will pay you unless some other person is named in this policy to receive payment. Payment will be made within 60 days after we receive your proof of loss and:
   (1) reach agreement with you. . . .

10. **Mortgage Clause.** The word "mortgagee" includes trustee. If a mortgagee is named in this policy, a loss payable under Coverage A or B will be paid to the mortgagee and you, as interest may appear.

**Option K.**   **Replacement Cost Plus (Dwelling)(Increased Coverage A Limit).** When a loss covered by this policy occurs to the dwelling in which you live, located at the residence premises, we will settle losses, subject to applicable deductibles, according to the policy provisions.

If the amount actually and necessarily spent to repair or replace the dwelling is more than the Coverage A – Dwelling Limit of Liability, we will pay up to a maximum of an additional 20% of the Coverage A limit for the additional cost. This additional amount applies only to the dwelling insured under this policy identified as the residence premises on the Declarations. This coverage does

4

38201-65536 (RER)

not increase or affect any other coverage limit or limits of liability in this policy. This additional payment is subject to the following provisions:

**SPECIAL CONDITIONS:**

You must:

1. insure the dwelling in which you live, located at the residence premises, to 100% of the cost to repair or replace it; and
2. accept the annual adjustment in the Coverage A – Dwelling limit of liability due to Inflation Protection Coverage and pay the premium charged; and
3. notify us within 90 days of the start of any physical improvements or additions which increase the replacement cost value of your dwelling by $5,000 or more and pay any additional premium due.

16. Plaintiff contends and avers that it has completely and fully fulfilled its obligations to its insured, Lawrence Norton, by making full payment of monies due and owing under the above-referenced policy of insurance.

17. Plaintiff contends and avers that, pursuant to the terms of the policy of insurance, its liability is limited to the amount of coverage for which a premium was paid by Lawrence Norton.

18. Plaintiff contends and avers that, pursuant to the terms of the policy of insurance, it has paid all monies due and owing to its insured.

19. Plaintiff contends and avers that it owes no further duty and/or indemnity to its insured under the terms of the policy of insurance for the actions of RiverCity Construction.

20. Plaintiff contends and avers that, through performance of its obligations under the contract of insurance, namely adjusting and paying for the claim of Lawrence Norton, it has discharged all duties and responsibilities owed to Defendant Aurora Loan Services, LLC and Defendant GMAC Mortgage, LLC, and that no further monies are owed and payable to them under the terms of the policy of insurance.

38201-65536 (RER)

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nationwide Mutual Fire Insurance Company prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiff has fully complied with, and fulfilled, its obligations to its insured under the policy of insurance referenced herein, and that no further monies are due and owing under said policy of insurance.

4. For the costs of this cause; and

5. For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:  s/ Jonathan D. Stewart
RUSSELL E. REVIERE , BPR #07166
JONATHAN D. STEWART, BPR #023039
*Attorneys for Plaintiff Nationwide Mutual Fire Insurance Company*
209 E. Main Street
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414