IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,<br>　　　　Plaintiff<br><br>vs.<br><br>LAWRENCE NORTON, and AURORA LOAN SERVICES, LLC and GMAC MORTGAGE, LLC,<br>　　　　Defendants. | CIVIL ACTION NO. 2:09-cv-02089 |

### MOTION TO DISMISS

COMES NOW Defendant, Lawrence Norton, by and through counsel, and respectfully move this Honorable Court for an Order dismissing the Complaint For Declaratory Judgment filed by Nationwide Mutual Fire Insurance Company. The Defendant, Lawrence Norton would show unto the court:

1. No justiciable case and controversy is present, as is required by Article III of the Constitution of the United States;

2. Plaintiff's Complaint For Declaratory Judgment is being used merely for the purpose of procedural fencing and to provide an arena for a race for res judicata;

3. If the court is not inclined to dismiss the Plaintiff's Complaint For Declaratory Judgment, this action should be transferred to the pending action in the Shelby County Circuit Court under docket number CT-000711-09.

The basis for this Motion To Dismiss is set forth in the accompanying Memorandum In Support Of Defendant's Motion to Dismiss.

Respectfully submitted,

_____
WM. CRAIG HALL (BPR 008671)
RICHARD F. VAUGHN (BPR 007919)
Attorneys for Lawrence Norton
116 Mulberry Street East
Collierville, Tennessee 38017
(901)-853-2589
(901)-853-2588 – fax
email: CraigHall@VaughnandHallAttorneys.com

_____
TERRY C. COX (BPR 006836)
F. AUSTON WORTMAN, III (BPR 0024808)
Attorneys for Lawrence Norton
149 South Rowlett
Collierville, Tennessee 38017
(901)-853-3500
(901)-853-3525 – fax
email: terrycox@coxelderlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that the foregoing Motion To Dismiss was electronically filed with the Clerk of the Court using the CM/ECF system on the 20th day of March, 2009, and I further certify that a true and correct copy of the foregoing Motion To Dismiss has been sent to the following parties, attorney or registered agent via U. S. Mail this the 20th day of March 2009:

1. Nationwide Mutual Fire Insurance Company
   c/o Jonathan D. Stewart, Esq.
   Rainey, Kizer, Reviere & Bell, P.L.C.
   P. O. Box 1147
   Jackson, TN 38302-1147

2. Aurora Loan Services, LLC
   10350 Park Meadows Drive
   Littleton, CO 80124

3. GMAC Mortgage
   1100 Virginia Drive
   Fort Washington, PA 19034

4. Corporation Service Company
   Registered agent for Aurora Loan Services, LLC
   2908 Poston Avenue
   Nashville, TN 37203

5. Corporation Service Company
   Registered agent for GMAC Mortgage
   2908 Poston Avenue
   Nashville, TN 37203

_____
TERRY C. COX

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,<br>Plaintiff<br><br>vs.<br><br>LAWRENCE NORTON, and AURORA LOAN SERVICES, LLC and GMAC MORTGAGE, LLC,<br>Defendants. | CIVIL ACTION NO. 2:09-cv-02089 |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

At some time prior to April 23, 2007, the Defendant, Lawrence Norton, became the owner of a residential dwelling commonly known as 408 Oakleigh Street, Collierville, Shelby County, Tennessee. Mr. Norton's residence was insured against fire loss by Nationwide Mutual Fire Insurance Company by homeowners insurance policy number 6341HO192603. The said policy provided that Nationwide would pay the cost to repair or replace, without deduction for depreciation the said residence. On April 23, 2007, Mr. Norton sustained extensive fire damage to the said residence. Mr. Norton immediately notified Nationwide of the fire loss to his residence.

Relying upon the suggestions of Nationwide representatives, Kristy Stewart and Richard Miller, Mr. Norton employed RiverCity to repair the fire damage to Mr. Norton's residence. Both Mr. Miller and Ms. Stewart represented that RiverCity was one of the

top re-builders and would be the best company for the repair job of the type needed by Mr. Norton.

RiverCity is a Tennessee business whose primary business is the renovation, repair and reconstruction of residential dwellings. RiverCity's primary owner is Kenneth Yeager. Mr. Yeager was a former employee of Nationwide as a large loss specialist. Mr. Yeager during his employ with Nationwide trained Kristy Stewart in her capacity as a large loss property specialist.

RiverCity and Mr. Yeager began repair work on Mr. Norton's residence; however, the work performed by RiverCity was substandard. RiverCity failed to make repairs and reconstruct Mr. Norton's residence in a workmanlike manner. Further, RiverCity performed defective work throughout Mr. Norton's residence. The repair and reconstruction work performed by RiverCity was so substandard that Mr. Norton's residence is uninhabitable. The substandard level of work performed, work not performed and the negligent representations made by the Nationwide representatives are pending before the Shelby County Circuit Court under docket number: CT-000711-09. A copy of the pending action is attached hereto as Exhibit A.

## II. NATIONWIDE'S COMPLAINT FOR DECLARATORY JUDGMENT SHOULD BE DISMISSED

Nationwide's Complaint For Declaratory Judgment relies on the provisions of 28 U.S.C. § 2201, commonly referred to as the Declaratory Judgment Act, to request a declaratory judgment. As the Court of Appeals observed in <u>Allstate Insurance Company v. Dawn Mercier, Adam Mair and Patricia J. Allmand</u>, 913 F. 2d 273, 1990 U.S. App. LEXIS 15339 (6th Cir. 1990), the provisions of Declaratory Judgment Act are discretionary and not an absolute right for the litigant.

The <u>Allstate</u> Court stated that in reviewing an action based upon the provisions of the Declaratory Judgment Act the court must apply two criteria and five factors to make a determination as to whether to grant the declaratory relief. The following general criteria are applied to determine if a declaratory ruling is appropriate:

1. When the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and

2. When it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

When neither of these results can be accomplished, a court should decline to render the declaration requested. <u>Allstate</u>, p. 277.

The <u>Allstate</u> Court reviewed the following five factors that a court is to consider in determining whether to render a declaratory ruling:

1. Whether the declaratory action would settle the controversy;

2. Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

3. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

4. Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

>   5.  Whether there is an alternative remedy which is better or more effective.

Allstate, p. 277.

In the present matter, a declaratory ruling is not appropriate.

### A. Criteria Guidelines

A declaratory ruling is not appropriate because a declaratory ruling will neither (i) serve a useful purpose in clarifying and settling the legal relations in issue; nor (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. The pending matter before the Shelby County Circuit Court under docket number CT-000711-09, a copy of which is attached hereto as Exhibit A. The Tennessee Rules of Civil Procedure require that Nationwide bring all claims arising out of the transaction or occurrence which lead to the controversy. See Tennessee Rules of Civil Procedure, Rule 13.01. In this instance, Nationwide is attempting to circumvent the state rule requirement of adjoining all claims from the fire loss occurrence by bringing this action.

### B. Five Factors

Further, a declaratory ruling is not appropriated because such a ruling would not accomplish the purposes of the five factors articulated in Allstate. Specifically:

1.  A declaratory ruling in this matter would not settle the controversy before the Shelby County Circuit Court. There are causes of action before the state court based in negligence and not on the provisions of the insurance contract. A declaratory ruling would not settle the pending issues before the Shelby County Circuit Court.

2.     A declaratory ruling would frustrate the state court action because a declaratory ruling would not clarify the legal relation of the parties when a genuine issue of material fact is in controversy in the Shelby County Circuit Court.

3.     The Complaint For Declaratory Judgment filed by Nationwide is an attempt to enter into "procedural fencing" or "to provide an arena for a race for res judicata" before the genuine issue of material fact can be adjudicated in the Shelby County Circuit Court proceeding.  Further, the Complaint For Declaratory Judgment filed by Nationwide is an attempt to circumvent the requirement under the Tennessee Rules of Civil Procedure requiring Nationwide to file an answer within thirty (30) days of being served with a summons and a copy of the complaint.

4.     A declaratory ruling by this Honorable Court would increase friction between federal and state courts by inappropriately deciding a genuine issue of material fact before proof has been offered in the state court proceeding.

5.     There is available an alterative remedy which is more effective and appropriate. Dismissing the Complaint For Declaratory Judgment filed by Nationwide would allow the state court proceeding to continue without adversely and inadvertently affecting the legal rights of one or more parties in the state court proceeding.

### III. CONCLUSION

For the reasons set forth herein, Defendant, Lawrence Norton, respectfully requests that the Complaint For Declaratory Judgment filed by Nationwide be dismissed.

Respectfully submitted,

_____
WM. CRAIG HALL (BPR 008671)
RICHARD F. VAUGHN (BPR 007919)
Attorneys for Lawrence Norton
116 Mulberry Street East
Collierville, Tennessee 38017
(901)-853-2589
(901)-853-2588 – fax
email: CraigHall@VaughnandHallAttorneys.com

_____
TERRY C. COX (BPR 006836)
F. AUSTON WORTMAN, III (BPR 0024808)
Attorneys for Lawrence Norton
149 South Rowlett
Collierville, Tennessee 38017
(901)-853-3500
(901)-853-3525 – fax
email: terrycox@coxelderlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that the foregoing Memorandum In Support Of Defendant's Motion To Dismiss was electronically filed with the Clerk of the Court using the CM/ECF system on the 20th day of March, 2009, and I further certify that a true and correct copy of the foregoing Memorandum In Support Of Defendant's Motion To Dismiss has been sent to the following parties, attorney or registered agent via U. S. Mail this the 20th day of March 2009:

1. Nationwide Mutual Fire Insurance Company
   c/o Jonathan D. Stewart, Esq.
   Rainey, Kizer, Reviere & Bell, P.L.C.
   P. O. Box 1147
   Jackson, TN 38302-1147

2. Aurora Loan Services, LLC
   10350 Park Meadows Drive
   Littleton, CO 80124

3. GMAC Mortgage
   1100 Virginia Drive
   Fort Washington, PA 19034

4. Corporation Service Company
   Registered agent for Aurora Loan Services, LLC
   2908 Poston Avenue
   Nashville, TN 37203

5. Corporation Service Company
   Registered agent for GMAC Mortgage
   2908 Poston Avenue
   Nashville, TN 37203

_____
TERRY C. COX

# EXHIBIT A

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE FOR
THE TWENTY-FIFTH JUDICIAL CIRCUIT AT MEMPHIS

LAWRENCE NORTON,

    Plaintiff,

V.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
RIVERCITY CONSTRUCTION COMPANY, INC.,
AND KENNETH G. YEAGER, INDIVIDUALLY,

    Defendants.

FILED FEB 13 2009

CASE NO: CT-000711-09 div. 1

## COMPLAINT

COMES NOW the Plaintiff, Lawrence Norton, and sues the Defendants, Nationwide Mutual Fire Insurance Company, hereinafter referred to as "Nationwide", RiverCity Construction Company, Inc., hereinafter referred to as "RiverCity", and Kenneth G. Yeager, hereinafter referred to as "Yeager" and for cause of action would show as follows:

1. That the Plaintiff, Lawrence Norton, at all times pertinent herein, was a resident citizen of Shelby County, Tennessee; that the Defendant, Nationwide, is an insurance company doing business in the State of Tennessee; that the Defendant, River City, is a Tennessee Corporation doing business in Shelby County, Tennessee; and the Defendant, Yeager, is a resident citizen of Shelby County, Tennessee.

2. That on or about April 23, 2007, the Plaintiff was the owner of a residential

dwelling located at 408 Oakleigh Street, Collierville, Shelby County, Tennessee.

3. That at said time and place, the Plaintiff sustained extensive fire damage to the said dwelling located at 408 Oakleigh Street, Collierville, Shelby County, Tennessee.

4. That at said time and place, there was in full force and effect a homeowners insurance policy issued by the Defendant, Nationwide, to the Plaintiff being policy number 6341HO192603. That said insurance policy insured the said dwelling owned by the Plaintiff for fire damage and provided that Nationwide would pay the cost to repair or replace, without deduction for depreciation, the said dwelling.

5. That on said date of April 23, 2007, the Plaintiff immediately notified the Defendant, Nationwide, of the said loss.

6. That on said date of April 23, 2007, Richard Miller, who was an agent of Nationwide, and Kristy Stewart, who was a large loss property specialist of Nationwide, went to the Plaintiff's residence to inspect the fire damage.

7. That on said date of April 23, 2007, the said Richard Miller and Kristy Stewart contacted the Defendants, Yeager and RiverCity, to arrange for said Defendants to come to the Plaintiff's residence and board up and secure the premises.

8. That the Defendants, Yeager and RiverCity, on the said date of April 23, 2007, boarded up the premises on the instructions of the said Kristy Stewart.

9. That the said Kristy Stewart and Richard Miller suggested and recommended that the Defendants, Yeager and RiverCity, be employed to repair the fire

damage to the Plaintiff's dwelling.

10. That the Defendant, Yeager, had been previously employed by the Defendant, Nationwide, as a large loss property specialist.

11. That during the course of the Defendant, Yeager's, employment with Nationwide, he had trained the said Kristy Stewart in her capacity as a large loss property specialist.

12. That both the said Richard Miller and Kristy Stewart represented to the Plaintiff that Yeager and RiverCity were some of their top re-builders and would be the best ones for the job and that Yeager was a perfectionist.

13. That the said Kristy Stewart further represented to the Plaintiff that the Defendants, Yeager and RiverCity, had previously been employed to make repair work on other Nationwide claims as well as to the home of the said Kristy Stewart.

14. That the said Kristy Stewart further advised the Plaintiff that the Defendants, Yeager and RiverCity, were fully bonded and licensed.

15. That in reliance on the representations made by Richard Miller and Kristy Stewart, as to the qualifications and competency of Yeager and RiverCity, the Plaintiff entered into a contract with the Defendants, Yeager and River City, to repair the damage to the Plaintiff's residence caused by the fire.

16. That the Defendants, Yeager and RiverCity, breached said construction contract by failing to complete the work and by failing to make repairs and reconstruct said

dwelling in a workmanlike manner and performed defective workmanship throughout the house.

17. That due to the numerous deficiencies in the construction and repair work of the Plaintiff's premises, the Plaintiff's dwelling is uninhabitable.

18. That due to the numerous deficiencies in the construction and repair work of the Plaintiff's premises, a certificate of completion cannot be obtained for occupancy.

19. That due to the defective, unskillful, negligent, and unworkmanlike construction work performed by the Defendants, Yeager and RiverCity, the Plaintiff's dwelling has not been repaired pursuant to the Plaintiff's insurance policy with the Defendant, Nationwide, and Nationwide has breached its contract of insurance with the Plaintiff.

20. That the Plaintiff has fully complied with each and every term, condition and provision of the policy issued to the Plaintiff by Nationwide.

21. That due to the defective, unskillful, negligent, and unworkmanlike construction work performed by the Defendants, Yeager and RiverCity, the Plaintiff's dwelling has not been repaired pursuant to Plaintiff's contract with the Defendants, Yeager and RiverCity.

22. That the Defendants, Yeager and RiverCity, have abandoned all repair work on the Plaintiff's premises and said dwelling will require extensive reconstruction to cure the numerous defects caused by the unskillful, negligent, and unworkmanlike

construction of the Defendants, Yeager and RiverCity.

23. The Defendants, Yeager and RiverCity, were negligent by failing to complete the contract of construction and by making repairs to the Plaintiff's residence in a defective and unworkmanlike manner all of which is imputed to the Defendant, Nationwide.

24. That the Defendants, Yeager and RiverCity, were the agents of the Defendant, Nationwide, and the acts of negligence by Yeager and RiverCity in repairing the Plaintiff's dwelling house in an unworkmanlike manner are imputed to Nationwide.

25. That the Plaintiff has requested the Defendants, Yeager, RiverCity and Nationwide, to repair the damage, but the Defendants have failed or refused to do so.

26. That at all times pertinent herein, the said Richard Miller and Kristy Stewart were the agents and employees of the Defendant, Nationwide, and all acts of negligence and misrepresentation by said agents and employees are imputed to the Defendant, Nationwide.

27. That the Defendant, Nationwide, by and through its agents and employees, was guilty of negligent misrepresentation in representing to the Plaintiff that the Defendants, Yeager and River City, were competent and qualified to do the work of repair and restoration of the Plaintiff's dwelling.

28. That the Plaintiff justifiably relied on the representations made by Nationwide, through its agents and employees, as to the competency and qualifications of

Yeager and River City which resulted in the engagement of Yeager and River City to repair the fire damage to the Plaintiff's dwelling.

29. That the Defendant, Nationwide, was negligent in procuring or causing the Plaintiff to procure unqualified individuals and companies to repair and restore the Plaintiff's dwelling resulting in damage to the Plaintiff's property.

30. That the Plaintiff is a "consumer" within the meaning of the Tennessee Consumer Protection Act. That in the course of this transaction, Defendants, Yeager, RiverCity, and Nationwide, have engaged in unfair and deceptive acts and practices in trade or commerce, in that they have represented that the quality of services of Yeager and RiverCity were of a certain particular standard and quality when in fact those services were not. Furthermore, the Defendants have engaged in false, unfair and deceptive acts or practices prohibited by the Tennessee Consumer Protection Act, specifically T.C.A. §47-18-101 et. seq. entitling the Plaintiff to treble damages and attorney fees as a result of Defendants' unfair and deceptive acts and practices. That the Plaintiff has been damaged by the loss of the bargain that Plaintiff contracted for and has been damaged in an amount that would be required to correct the fire damage and the construction work of Yeager and RiverCity to the residence.

31. Plaintiff would show that the identity of RiverCity and Yeager are in substance one and the same, and that Defendant, River City, is but the alter ego of individual Defendant, Yeager, acting solely as conduit for the performance of Yeager's

business, and as a device to cause harm or prejudice to those dealing with it. That the Defendant, Yeager, is the owner of all or substantially all of the stock of Defendant, RiverCity, sits as thePresident on the board of directors of RiverCity, is the controlling influence over all of RiverCity's affairs; and ignores the separate existence of Defendant, RiverCity, in numerous ways.

32. Plaintiff further alleges that Defendant, River City, is virtually insolvent and out of business, and Plaintiff therefore invokes the trust fund doctrine and alleges that the officers and directors are placed in a fiduciary relationship, and owe a fiduciary duty, to Plaintiff and to all other creditors. Plaintiff believes that the officers and directors should hold the corporate assets in trust for Plaintiff and for the corporate creditors and that this duty obliges them to administer corporate assets for the benefit of Plaintiff and other creditors. If the officers and directors have allowed the corporate assets to become dissipated, then Plaintiff would show that it is a breach of a fiduciary duty and they are therefore liable to Plaintiff for such breach.

33. That the Defendant, Nationwide, had the implied duty of good faith and fair dealing in handling the Plaintiff's claim for loss to his dwelling. That Nationwide breached said duty in failing to compensate the Plaintiff for the damage resulting from the unworkmanlike repairs and reconstruction of the Plaintiff's home by Yeager and River City.

34. That the refusal of Nationwide to pay the loss incurred by the Plaintiff was

not in good faith and such failure to pay inflicted additional expense, loss and injuries to the Plaintiff in violation of T.C.A. §56-7-105 entitles the Plaintiff to an additional 25% on the liability for the loss.

35. That Plaintiff has suffered damages for the diminution of the value of the dwelling house because it was repaired in an unworkmanlike manner and left uncompleted.

36. That Plaintiff has suffered additional damages in not being able to occupy the premises as his dwelling house and by having to incur additional expenses in obtaining housing elsewhere while the repair work is undertaken.

37. That Plaintiff will suffer additional damages in having to employ other contractors to repair the numerous defects caused by the breach of the contract by the Defendants, Yeager, RiverCity, and Nationwide, in failing to repair the dwelling house in a workmanlike manner and in failing to complete all work contracted for and all of which will be necessary in order to make the house a safe and suitable place of housing for the Plaintiff and to obtain a certificate of completion.

38. That the Defendants, Yeager, River City, and Nationwide, did foresee or should have foreseen that all of the said items of damage would occur due to the Defendants', Yeager and RiverCity, failure to repair and complete the Plaintiff's dwelling house in a workmanlike manner.

WHEREFORE, the Plaintiff, Lawrence Norton, demands judgment against

the Defendants and all of them in the sum of Seven Hundred Fifty Thousand and no/100 ($750,000.00) Dollars and the cost of this cause and demands a jury to try this cause when issues are joined.

Respectfully submitted,

WM. CRAIG HALL #8671
RICHARD F. VAUGHN #7919
Attorneys for Plaintiff
116 Mulberry Street East
Collierville, Tennessee 38017
901/853-2589